IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roger Orme:Davenport, | ) | |
| | ) | C.A. No. 9:06-0889-HMH-GCK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Former I.R.S. Commissioner Charles O. Rosotti, successors, assigns and agents; Wm. J. Johnson; Carol L. Blount; Francis Kleckley; and J.R. Starkey, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Roger Orme:Davenport ("Davenport") is a pro se litigant seeking habeas corpus relief, arguing that the Internal Revenue Service ("IRS") has restrained his liberty. In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Davenport's petition on the grounds that the court lacks subject matter jurisdiction because Davenport is not in custody or physically restricted in any way, he has an adequate remedy at law to address his alleged grievances, and he has already litigated the claims he now asserts.

After Magistrate Judge Kosko entered his Report and Recommendation, Davenport filed four documents, three of which were captioned "Notice." Davenport also filed a motion to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

compel "specific performance from the clerk of the court," in which he requested an evidentiary hearing on his habeas petition. (Mot. Compel 1.) Davenport has failed to file any objections to the Report and Recommendation.

Out of an abundance of caution, the court construes the four documents which Davenport has filed as objections to the Report and Recommendation. However, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that all of Davenport's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.[2] Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation. Finally, because Davenport failed to specifically object to Magistrate Judge Kosko's Report and Recommendation, Davenport's motion to compel is denied.

It is therefore

---

[2] Davenport objects that his case was not originally docketed as a petition for writ of habeas corpus. The court has made an inquiry into this matter. The electronic filing system initially prevented the clerk of court from correctly docketing Davenport's petition because Davenport is neither a prisoner nor a pretrial detainee. However, the problem has been corrected, and Davenport has not been prejudiced in any way by how the petition was originally docketed.

**ORDERED** that Davenport's petition is summarily dismissed. It is further

**ORDERED** that Davenport's motion to compel, docket number 18, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
June 13, 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.